IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Roy Reynolds, | : | |
| Plaintiff | : | Civil Action 2:08-cv-33 |
| v. | : | Judge Marbley |
| City of Columbus, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Court on defendants City of Columbus Division of Police and Officer Todd S. Rhodeback's February 6, 2008 motion to strike the complaint or, in the alternative, motion to dismiss (doc. 7) and plaintiff Roy Reynolds' March 14, 2008 motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (doc. 8).

<u>Allegations in the Complaint.</u> Reynolds brings this action pursuant to 42 U.S.C. § 1983. The complaint alleges that on December 10, 2005, Reynolds was arrested without a warrant and without probable cause. Compl. ¶ 2. According to the complaint, Officer Todd S. Rhodeback had no reasonable grounds for suspicion. The vehicle had been placed with Alto Thomas, the owner of the automobile repair shop where Reynolds worked, for repairs. Doc. 4-2 at 10.

Plaintiff was held in jail for more than 48 hours as a result of the alleged false arrest. He was charged with receiving stolen property. The complaint asserts that

Reynolds was maliciously prosecuted for this offense, although the criminal charge was dismissed on December 20, 2005. Doc. 4 at 8 and doc. 4-2 at 4.

Reynolds seeks compensatory damages in the amount of $2,000,500.00 and punitive damages in the amount of $15,000,000.00.

Arguments of the Parties. Defendants argue that this complaint should be stricken because it was filed and signed by Jimmy Reynolds, the brother of plaintiff Roy Reynolds, who is not a lawyer. Rule 11 of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must by signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Defendants argue that Rule 11 requires that the complaint be signed by Roy Reynolds rather than a third party.

Defendants also rely on 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ." A non-attorney is not permitted to conduct a case on behalf of a party.

In the alternative, defendants argue that the complaint must be dismissed for failure to state a claim upon which relief can be granted because it was filed after the expiration of the statute of limitations. Plaintiff was arrested on December 10, 2005, and the complaint was filed on January 11, 2008. In Ohio, the statute of limitations for § 1983 claims is two years. *Cooey v. Strickland*, 479 F.3d. 412, 416 (6th Cir. 2007). A statute of limitations begins to run when the plaintiff knows or has reason to know that the act

providing the basis of his injury has occurred. *Id.* at 417. Because plaintiff asserts claims for false arrest, false imprisonment, and malicious prosecution, his cause of action arose on the date that he was arrested. Defendants maintain that he should have filed his § 1983 action no later than December 10, 2007. Instead, this action was filed January 11, 2008.

Plaintiff Roy Reynolds has filed a motion for judgment on the pleadings. He argues that defendants' motion to dismiss should be dismissed because the continuation of the fraud tolls the statute of limitations for up to four years from the date of his discovery. Plaintiff also relies on the affidavit of his brother Jimmy Reynolds, to show that he was authorized to act on behalf of plaintiff based on a power of attorney.

<u>Discussion</u>. A review of the complaint reveals that plaintiff Roy Reynolds did not personally sign that document. Instead, the complaint reads "Roy Reynolds by Jimmy Reynolds." Nor did a qualified attorney prepare and file the complaint on his behalf. Instead, Jimmy Reynolds, a non-attorney claiming authority to represent appellant by virtue of a grant of power of attorney, took that action.

Section 1654 of title 28 of the United States Code specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. The statute makes no provision for a non-attorney's representation of others. Jimmy Reynolds's preparation and filing of the complaint in this case is in violation of that rule. As a result, the court lacks jurisdiction. *See J.M. Huber Corp. v. Roberts*, No.

88-6160, 1989 WL 16866 at *1 (6th Cir. Feb. 17, 1989); *Theriault v. Silber*, 579 F.2d 302 n. 1 (5th Cir.1978); *Scarrella v. Midwest Sav. and Loan*, 536 F.2d 1207, 1209 (8th Cir.). Having concluded that it lacks jurisdiction over the complaint, the Court will not address defendants' alternative argument that the claims are barred by the statute of limitations. *See J.M. Huber Corp.*, at *1.

Conclusion. For the reasons stated above, defendants City of Columbus Division of Police and Officer Todd S. Rhodeback's February 6, 2008 motion to strike the complaint or, in the alternative, motion to dismiss (doc. 7) is GRANTED. This action is hereby DISMISSED without prejudice.

                                                  s/Algenon L. Marbley
                                                  Algenon L. Marbley
                                                  United States District Judge